O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONNA LEE NARANJO, )          No. EDCV 15-1433 FFM
                    )
        Plaintiff,  )          MEMORANDUM DECISION AND
                    )          ORDER
    v.              )
                    )
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
                    )
        Defendant.  )
                    )

Plaintiff Donna Lee Naranjo ("plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the January 22, 2016, case management order, on March 23, 2016, the parties filed a joint stipulation ("JS") detailing each party's arguments and authorities. The Court has reviewed the joint stipulation and the administrative record ("AR"), filed by defendant on January 20, 2016. For the reasons stated below, the decision of the Commissioner is affirmed.

## I. PRIOR PROCEEDINGS

On May 9 and 11, 2014, respectively, plaintiff applied for disability insurance benefits and supplemental security income, alleging a disability onset date of October

1, 2009.  (AR 213-28.)  Plaintiff's application was denied initially and on reconsideration.  (AR 148-52, 155-60.)  Plaintiff requested a hearing before an administrative law judge ("ALJ").  (AR 162-63.)  ALJ Nancy Stewart held a hearing on September 24, 2013.  (AR 33-68.)  Plaintiff and her mother, Betty Naranjo ("Ms. Naranjo"), appeared at the hearing and testified.  (*See id.*)

On September 11, 2013, the ALJ issued a decision denying benefits.  (AR 14-28.)  Based on the ALJ's review of the evidence, the ALJ found that plaintiff possesses the residual functional capacity ("RFC") to perform "less than the full range of light work" subject to the following limitations:

> [T]he claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for six hours out of an eight-hour workday with regular breaks; she can sit for six hours out of an eight-hour workday with regular breaks; the claimant can have a sit stand option not to exceed 10 percent of the day; the claimant is precluded from climbing ladders, ropes, or scaffolds; the claimant is limited to occasional postural activity and frequent reaching and handling; the claimant is precluded from working at unprotected heights, or with dangerous machinery; the claimant is limited to performing unskilled work and simple and repetitive tasks.

(AR 21.)  As a result, the ALJ determined that plaintiff is able to work as a packager, assembler, or inspector, and is therefore not disabled.  (AR 27.)

Plaintiff sought review by the Social Security Administration Appeals Council.  (AR 12-13.)  On June 16, 2015, the Appeals Council denied review.  (AR 1-3.)

Plaintiff filed the complaint herein on July 17, 2015.  (Dkt. 1.)

## II.  PLAINTIFF'S CONTENTIONS

Plaintiff raises the following issues:

1.    Whether the ALJ erred in rejecting the opinions of plaintiff's treating physicians.

2.    Whether the ALJ erred in rejecting the lay witness testimony of plaintiff's mother.

/ / /

/ / /

2

### III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence in the record can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). However, even if substantial evidence exists to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

### IV.  DISCUSSION

A.    The ALJ Properly Considered the Opinions of Plaintiff's Treating Physicians

1.    Plaintiff's Physicians' Opinions

i.    Dr. Linda Lee

On July 8, 2011, Dr. Linda Lee, plaintiff's treating physician, completed a "Multiple Impairment Questionnaire" detailing her opinions about plaintiff's impairments and resulting limitations. (AR 425-31.) The report indicates that Dr. Lee diagnosed plaintiff with degenerative disc disease of the cervical spine. (AR 425.) Dr. Lee further indicated that an x-ray of plaintiff's cervical spine "show[ed] prominent degenerative disc changes at C3-C4, C4-C5, C6-C7, C7-T1." (AR 426.) As support for her diagnosis, Dr. Lee cited plaintiff's "severe neck pain" and

1  "numbness of both hands."  (AR 425.)  Dr. Lee also reported that plaintiff's pain is a

2  seven on a scale from one to ten, that the pain is located in plaintiff's wrists and neck,

3  and that the pain is constant.  (AR 426-27.)

4        With respect to plaintiff's functional capabilities, Dr. Lee opined that plaintiff

5  cannot sit for more than one hour without standing and moving around.  (AR 427.)

6  Additionally, Dr. Lee stated that plaintiff cannot stand or walk for more than one hour.

7  (*Id.*)  Dr. Lee also wrote that "severe numbness" in plaintiff's hands precludes her

8  from lifting any weight and significantly limits her abilities to perform "repetitive

9  reaching, handling, fingering, or lifting."  (AR 428.)  Finally, Dr. Lee opined that

10  plaintiff is "essentially precluded" from "[g]rasping, turning, [or] twisting objects,"

11  and that her impairments would cause her to miss work more than three times per

12  month.  (AR 428-29.)

13            *ii.*    *Dr. Benny Guzman*

14        Dr. Benny Guzman provided two reports documenting his findings and opinions

15  with respect to plaintiff's impairments.  On October 6, 2009, Dr. Guzman diagnosed

16  plaintiff with right hand numbness and neck pain.  (AR 304.)  On March 17, 2010, Dr.

17  Guzman opined that plaintiff suffers from "neurological nerve problems" and that she

18  is "unable to use her upper arms due to chronic pain and numbness."  (AR 303.)

19        2.    ALJ's Decision

20        The ALJ afforded Dr. Lee's opinion "[s]ignifant weight" and gave "some

21  weight" to the opinions of Dr. Guzman.  (AR 25.)  The ALJ reasoned that both

22  physicians' opinions were entitled to less than full weight because they were based on

23  plaintiff's subjective complaints, which the ALJ had discredited.  (AR 25.)

24  Additionally, the ALJ determined that Dr. Lee's opinion "contrasts sharply" with the

25  objective medical evidence in the record.  (AR 25.)

26        3.    Analysis

27        In the Social Security context, the Ninth Circuit distinguishes among opining

28  physicians in the following manner: (1) treating physicians; (2) examining physicians;

4

and (3) nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the opinions of treating physicians are entitled to the most weight, while the opinions of examining physicians are entitled to more weight than the opinions of nonexamining physicians. *Id.* If the opinion of a treating or examining physician is uncontroverted, the ALJ must provide clear and convincing reasons for rejecting that opinion. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citations omitted). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.*

Plaintiff first argues that the ALJ erred by not explicitly declaring whether she accepted or rejected the opinions of Dr. Lee and Dr. Guzman. This argument is unpersuasive. The ALJ made clear that she afforded less than controlling weight to the opinions of both doctors and gave reasons for her determination. The ALJ was not required to use any particular incantation to reject a portion of a medical professional's opinion. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Plaintiff further argues that the ALJ impermissibly rejected the opinions of Dr. Lee and Dr. Guzman because no evidence in the record supports the ALJ's conclusion that the doctors relied on plaintiff's subjective complaints when forming their opinions. The Court disagrees. Here, Dr. Lee listed plaintiff's hand pain and numbness both as support for her diagnosis and as plaintiff's primary symptoms. Likewise, Dr. Guzman's opinion that plaintiff suffers from a "neurological nerve problem" does not appear based on any evidence other than plaintiff's purported pain and numbness. He also listed pain and numbness as the *only* reasons plaintiff could not use her arms. Because pain cannot be measured except through a patient's reports to her doctors, Dr. Lee and Dr. Guzman must have relied on plaintiff's subjective

/ / /

/ / /

/ / /

5

1 complaints when forming their conclusions about plaintiff's limitations.[1]  Thus, if the

2 ALJ permissibly discredited plaintiff's statements, she was permitted to reject the

3 physicians' opinions because they relied on plaintiff's subjective complaints.  *See*

4 *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("If a treating provider's

5 opinions are based to a large extent on an applicant's self-reports and not on clinical

6 evidence, and the ALJ finds the applicant not credible, the ALJ may discount the

7 treating provider's opinion." (internal quotation marks omitted)).

8          To be sure, the medical record contains objective tests demonstrating that

9 plaintiff suffers from impairments, which the ALJ found to be severe.  However, no

10 medical evidence demonstrated any limitations plaintiff had as a result of her

11 impairments other than the opinions of Drs. Lee and Guzman based on plaintiff's

12 discredited testimony.  As plaintiff does not contest the propriety of the ALJ's adverse

13 determination as to her credibility, remand is not required with respect to the ALJ's

14 partial rejection of the opinions of Drs. Lee and Guzman.

15          4.      Harmless Error

16          "[H]armless error principles apply in the Social Security . . . context."  *Molina v.*

17 *Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*,

18 454 F.3d 1050, 1054 (9th Cir. 2006)).  An ALJ's error is harmless when it is "clear

19 from the record that [the] ALJ's error was 'inconsequential to the ultimate

20 nondisability determination.'"  *Robbins*, 466 F.3d at 885 (quoting *Stout*, 454 F.3d at

21 1055–56); *accord Molina*, 674 F.3d at 1115 (citations omitted); *see also Carmickle v.*

22 *Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008) (opining that the

23 relevant inquiry when determining if an error is harmless is "whether the ALJ's

24 _____

25          [1]  The portion of the administrative record containing Dr. Guzman's reports also
contains a third medical record that may have been generated by Dr. Guzman,
26 although its origin is unclear.  (AR 303.)  However, even if the report were created by
Dr. Guzman, it does not change the Court's analysis herein because the report
27 indicates that plaintiff was diagnosed with "cervicalgia" and "disturbance of the skin
sensation," both of which ostensibly require subjective reports for diagnoses.  (*See id.*)
28

decision remains legally valid"). Accordingly, an error is harmless if a reviewing court is "able to conclude from the record that the ALJ would have reached the same result absent the error." *Molina*, 674 F.3d at 1115 (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990)).

The ALJ's second reason for rejecting Dr. Lee's opinion, that it "contrasts sharply with the other evidence of record," does not offer enough substance for the Court to conclude that the ALJ validly rejected the opinion on this basis. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions . . . are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). However, as the ALJ validly discounted Dr. Lee's opinion because it was based on plaintiff's incredible subjective complaints, this error was harmless.

B.      The ALJ Properly Discredited the Lay Witness Testimony of Plaintiff's Mother

        1.      Statements of Plaintiff's Mother

On July 21, 2012, plaintiff's mother, Ms. Naranjo, completed an adult third party function report detailing her observations of plaintiff and the effects that plaintiff's impairments have upon her daily life. (AR 271-78.) Ms. Naranjo generally reported that plaintiff was self-sufficient prior to the onset of her impairment. However, plaintiff now "has trouble" cooking, cleaning, working, or caring for her family because of "pain in her body." (AR 272.) According to Ms. Naranjo, plaintiff needs encouragement to get out of bed some mornings and her day consists primarily of lying down and watching television. (AR 273.) Ms. Naranjo's testimony at the administrative hearing did not expand upon her statements in the function report. (*Compare* AR 271-78 *with* AR 58-61.)

/ / /

/ / /

/ / /

1

2.    ALJ's Decision

2

The ALJ rejected Ms. Naranjo's statements on the basis that: (1) she is not a

3

medical professional and therefore "not competent to make a diagnosis or argue the

4

severity of [plaintiff's] symptoms in relationship to her ability to work"; (2) she has a

5

"familial interest" in plaintiff's obtaining benefits; and (3) the "clinical or diagnostic

6

medical evidence . . . does not support her statements."  (AR 23.)

7

3.    Analysis

8

"An ALJ may reject a lay witness's testimony only 'upon giving a reason

9

germane to that witness.'" *Ghanim*, 754 F.3d at 1165 (quoting *Parra*, 481 F.3d at

10

750)).  Here, two of the three reasons provided by the ALJ here were not legally

11

permissible reasons for rejecting the testimony of Ms. Naranjo.  The third reason is not

12

supported by substantial evidence.  First, ALJs are not permitted to reject the

13

testimony of lay witnesses solely on the basis that they have a "familial interest" in

14

a claimant's receipt of benefits.  *See Smolen*, 80 F.3d at 1289 (holding that lay witness

15

testimony cannot be rejected simply because the lay witness is the claimant's family

16

member).  Likewise, a witness's testimony may not be discredited simply because the

17

witness is not a medical professional.  *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir.

18

2009) (citations omitted).

19

Although ALJs are permitted to discount a lay witness's statements that are

20

inconsistent with the objective medical evidence, *Bayliss v. Barnhart*, 427 F.3d 1211,

21

1217-18 (9th Cir. 2005), the Court cannot conclude in this instance that Ms. Naranjo's

22

statements are inconsistent with the evidence discussed by the ALJ.  In her decision,

23

the ALJ references only two diagnostic studies, an x-ray of plaintiff's wrists and x-

24

rays of her spine.  First, the x-ray of plaintiff's wrists indicated degenerative changes

25

in plaintiff's left wrist.  (AR 371-72.)  Second, the x-rays of plaintiff's spine

26

demonstrated "moderately severe disc space narrowing with modest anterior

27

spurring."  (AR 369.)  Based on the apparent severity of these findings, the Court

28

/ / /

1   cannot discern, nor does the ALJ explain, how plaintiff's mother's statements are

2   inconsistent with the objective medical evidence.

3       Based on the foregoing, the Court finds that the ALJ did not articulate any valid

4   reasons for rejecting the statements of Ms. Naranjo.  However, the ALJ's error was

5   harmless.  An ALJ's erroneous rejection of lay witness testimony is harmless if: (1)

6   the witness did not attribute to the claimant any limitations beyond what the claimant

7   herself described and (2) the ALJ permissibly rejected the claimant's testimony.  *See*

8   *Molina*, 674 F.3d at 1117-22.  Here, the limitations ascribed to plaintiff by Ms.

9   Naranjo are not more significant than those limitations plaintiff described herself.

10  Indeed, both alleged that plaintiff is generally unable to cook or perform basic

11  household chores, that she has trouble sleeping, and that her impairments cause

12  difficulty in squatting, bending, standing, walking, sitting, kneeling, stair climbing,

13  seeing, and using her hands.  (*Compare* AR 264-68 *with* AR 58-61, 272-76.)  Thus,

14  because the ALJ permissibly rejected plaintiff's testimony, the ALJ's failure to

15  provide any germane reasons for rejecting Ms. Naranjo's testimony is harmless.

16                              **ORDER**

17      For the foregoing reasons, the decision of the Commissioner is affirmed.

18      IT IS SO ORDERED.

19

20  DATED: December 14, 2016                    /S/FREDERICK F. MUMM
                                                FREDERICK F. MUMM
21                                              United States Magistrate Judge

22

23

24

25

26

27

28